**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge William J. Martínez**

Civil Action No. 20-cv-0639-WJM-MEH

JOAN V. GRIEGO,

      Plaintiff,

v.

ARIZONA PARTSMASTER, INC.,

      Defendant.

---

**ORDER GRANTING DEFAULT JUDGMENT AND MOTION FOR ATTORNEYS' FEES**

---

Before the Court are Plaintiff Joan Griego's Motion for Default Judgment and Motion for Attorneys' Fees and Costs ("Fee Motion"). (ECF Nos. 20 & 27.) For the reasons set forth below, the Court grants the Motions.

**I. BACKGROUND**

Plaintiff commenced this disability discrimination action against her former employer, Defendant Arizona Partsmaster, Inc., on March 6, 2020, alleging that she was discharged in violation of the Americans with Disabilities Act, 42 U.S.C. §§ 12101 *et seq.* ("ADA"), and Colorado Anti-Discrimination Act, Colo. Rev. Stat. §§ 24-34-401, *et seq.* ("CADA"). (ECF No. 1.) As a result of Defendant's failure to appear or otherwise defend the action, the Court granted Plaintiff's Motion for Default Judgment with respect to liability on November 23, 2020. (ECF No. 21.) Plaintiff filed her Fee Motion on December 14, 2020. (ECF No. 22.) An evidentiary hearing on the issue of damages was held on January 7, 2021. (ECF No. 26.)

After the hearing, at the Court's direction, Plaintiff submitted supplemental documentation of her damages, including compensatory and punitive damages, front pay, back pay, and interest on January 21, 2021 ("Supplement").  (ECF No. 27.)  On January 29, 2021, Plaintiff filed a supplement to her Motion for Attorneys' Fees with documentation of fees and costs incurred during preparation for the evidentiary hearing. (ECF No. 28.)

## II. DAMAGES

As stated above, the Court found that Plaintiff had established Defendant's liability for violation of the ADA and CADA.  (ECF No. 21 at 6–8.)  Plaintiff seeks damages in the amount of $364,473.88.  (ECF No. 27 at 5.)  This figure represents back pay, front pay, prejudgment interest, and compensatory and punitive damages as available under the ADA.  (*Id.*)

### A.     Compensatory and Punitive Damages

A prevailing plaintiff in an action for intentional employment discrimination may recover compensatory and punitive damages upon demonstrating that the defendant engaged in discriminatory practices with malice or reckless indifference to the rights of the plaintiff.  42 U.S.C. § 1981a(b)(1).  The maximum amount of compensatory and punitive damages recoverable depends on the size of the defendant employer.  The ADA caps such damages at $100,000 for employers that have between 101 and 200 employees, and at $200,000 for employers that have between 201 and 500 employees. 42 U.S.C. § 1981a(b)(3)(B)–(C).

Plaintiff's allegations, deemed admitted by Defendant on default, establish that Defendant engaged in discriminatory practices with malice or reckless indifference to

her rights.  (*See generally* ECF No. 1; *see also* ECF No. 21.)  Namely, Defendant

terminated Plaintiff's employment due to her cancer diagnosis rather than providing a

reasonable accommodation for Plaintiff, in violation of the ADA.  (ECF No. 1 ¶¶ 17–45.)

Accordingly, Plaintiff is entitled to compensatory and punitive damages.  *See* 42 U.S.C.

§ 1981a(b)(1).

As Plaintiff presents evidence that Defendant has between 101 and 200

employees, she may recover $100,000 in compensatory and punitive damages.  (ECF

No. 20-12 at 5; *see also* 42 U.S.C. § 1981a(b)(3)(B)–(C).)  Thus, the Court awards her

compensatory and punitive damages in the amount of $100,000.

**B.     Back Pay and Prejudgment Interest**

A plaintiff may recover back pay if a court finds that a defendant intentionally

engaged in the unlawful employment practice alleged in the plaintiff's complaint.  42

U.S.C. § 2000e-5(g)(1).  Because the Court found liability in Plaintiff's favor, specifically,

that Defendant had intentionally and unlawfully discriminated against her based on her

disability, Plaintiff is entitled to an award of back pay.  *See id.*

The Court directed Plaintiff to provide support for the amount she seeks in back

pay, such as evidence demonstrating the value her wages and benefits for the relevant

time period, and a calculation of prejudgment interest based on the amount sought.

(ECF No. 21 at 10–11.)

Plaintiff provided documentation of the value of her back pay and back benefits,

based on her earnings statements and the monetary value of her benefits.  (ECF No.

27-1 at 2.)  Plaintiff measures the relevant time period as 2.57 years, from the date of

her termination to the date of the Court's Order Granting Default Judgment.  (*Id.*; ECF

No. 27 at 2.)  Plaintiff also calculated her damages as mitigated by her temporary employment in 2020, from which she earned approximately $2,760.  (ECF No. 21 at 2; ECF No. 21-1 at 3.)  Plaintiff's calculation results in a total of $107,102.93 in back pay and back benefits.  (ECF No. 27 at 2.)

Plaintiff further calculated prejudgment interest at the rate the Court directed: 3.14%, compounding annually from the date of her termination to the date of the Court's First Order.[1]  (ECF No. 27-1 at 2.)  Plaintiff's requested back pay award with the interest rate applied totals $113,933.88.  (*Id.*)

Under federal law, "prejudgment interest is ordinarily awarded, absent some justification for withholding it."  *U.S. Indus., Inc. v. Touche Ross & Co.*, 854 F.2d 1223, 1256 (10th Cir. 1988); *see also United Phosphorus, Ltd. v. Midland Fumigant, Inc.*, 205 F.3d 1219, 1236 (10th Cir. 2000) (holding that "in the federal context, this Court has adopted a preference, if not a presumption, for pre-judgment interest.").  The Court finds that an award of prejudgment interest would compensate Plaintiff "for being deprived of the monetary value of [her] loss from the time of the loss to payment of the judgment," *Caldwell v. Life Ins. Co. of N. Am.*, 287 F.3d 1276, 1286 (10th Cir. 2002).

Plaintiff has provided evidence of the value of her back pay and back benefits, compounded at the prejudgment interest rate set by the Court.  (*See generally* ECF No. 27; ECF No. 27-1.)  Finding that Plaintiff has established her entitlement to such damages, the Court awards Plaintiff back pay in the amount of $113,933.88.

---

[1] This rate of interest is based on the rate set forth in *Reed v. Mineta*, 438 F.3d 1063, 1067 (10th Cir. 2006).  The equation utilizes the IRS underpayment rate set by 26 U.S.C. § 6621, which is the federal short-term interest rate plus 3%.  *See id*; 26 U.S.C. § 6621.

## C.  Front Pay

Plaintiff requests an award of front pay in the amount of $153,300, reduced to present value from the nominal total calculation of a future income stream of $157,896.17.  (ECF No. 27 at 5.)  This figure represents Plaintiff's weekly rate of pay and value of her benefits from the date of the Court's Order Granting Default Judgment until Plaintiff's projected date of retirement on September 1, 2024, 3.77 years.  (*Id.* at 3– 5.)

Front pay is an equitable remedy which a court may award in lieu of reinstatement.  *Whittington v. Nordam Grp. Inc.*, 429 F.3d 986, 1000–01 (10th Cir. 2005).  The rationale for awarding front pay is to compensate a plaintiff for the time she would have been employed by the employer had she not been wrongfully terminated. *See Carr v. Fort Morgan Sch. Dist.*, 4 F. Supp. 2d 989, 993 (10th Cir. 1998) (stating that front pay "should be fashioned to make the plaintiff whole or return him as nearly as possible to the economic situation he would have enjoyed but for the defendant's illegal conduct").

The amount of a front pay award is within the court's discretion, but the court "must avoid granting the plaintiff a windfall."  *Id.* at 1001.  In determining an appropriate front pay award, a court considers factors such as the plaintiff's work life expectancy, salary and benefits at the time of termination, potential increases in salary, availability of other work opportunities, and the period within which the plaintiff may become re-employed with reasonable efforts.  *Id.* at 1000–01 (citing *Davoll v. Webb*, 194 F.3d 1116, 1144 (10th Cir. 1999)).

At the evidentiary hearing, the Court directed Plaintiff to provide evidence supporting her entitlement to front pay for the requested period, and to reduce the amount sought to present value.

Plaintiff provides data from the Social Security Administration documenting the average age of retirement in support of her projected retirement age of 66 years and eight months old.  (ECF No. 27 at 3–4.)  Plaintiff also provides evidence that Defendant's operations were expanding despite the COVID-19 pandemic, further supporting the proposition that she would have continued her employment but for her wrongful termination.  (ECF No. 27-2.)  Plaintiff further testified at the hearing that she submitted approximately 100 job applications after her termination, demonstrating reasonable efforts to mitigate her damages.

Plaintiff has provided evidence that she would have retired at the age of 66 years and eight months, approximately 3.77 years from the date of the Court's Order Granting Default Judgment.  (ECF No. 27 at 3.)  As she offers evidence that she would have remained employed by Defendant absent her wrongful termination, the Court finds that she had established her entitlement to an award of front pay.

Plaintiff hired an economics consultant to calculate the reduction of her front pay sum to present value.  (*Id.* at 4; ECF No. 27-3.)  This calculation relied on a discount rate of 1.25%, based on the yield of United States Treasury bonds.  (ECF No. 27-3.)  The consultant arrived at a final figure of $153,300, from $157,896.17.  (*Id.*)  The Court therefore awards Plaintiff front pay in the amount of $153,300.

### III. ATTORNEYS' FEES

Plaintiff seeks attorneys' fees and costs, pursuant to the ADA's provision of fees and costs to prevailing plaintiffs in employment discrimination cases. (ECF No. 22; *see also* 42 U.S.C. § 2000e-5(k).) In her Fee Motion, Plaintiff requests $11,220. (*Id.* at 3–4.) At the Court's direction, Plaintiff filed a supplement to her Fee Motion seeking fees and costs associated with the evidentiary hearing and supplemental filings, which totaled $4,470. (ECF No. 28.) Plaintiff seeks a total of $15,690 in attorneys' fees and $1,853.77 in costs. (*Id.* at 3.)

The ADA authorizes a court, in its discretion, to award reasonable attorney's fees to the prevailing party in an employment discrimination action. 42 U.S.C. § 2000e-5(k). As the Court determined liability in Plaintiff's favor, she is the prevailing party in this action. The Court therefore will award her reasonable attorneys' fees for prosecuting this action. *See Praseuth v. Rubbermaid, Inc.*, 406 F.3d 1245, 1257 (10th Cir. 2005) (stating that a prevailing party on "an ADA claim is permitted recovery of attorneys' fees, costs and expenses").

To determine reasonable attorneys' fees, the Court must calculate a "Lodestar figure" by multiplying a reasonable hourly rate by the hours reasonably expended. *Case v. Unified Sch. Dist. No. 233*, 157 F.3d 1243, 1249 (10th Cir. 1998). Attorneys should exercise "billing judgment" to reduce "hours actually expended down to hours reasonably expended." *Praseuth*, 406 F.3d at 1257.

In the Fee Motion, Plaintiff seeks a total of $11,220 in fees, representing 39.5 hours expended on this matter between two attorneys, Malissa Williams and Jeffry Dougan, at a fee rate of $300 per hour. (ECF No. 22 at 3–4; ECF No. 22-4.) In

supplement to the Fee Motion, Plaintiff seeks an additional $4,470, representing 14.9 hours that her counsel expended on the briefing and preparation for the hearing, and supplementing the documentation of damages.  (ECF No. 28 at 2.)  As Plaintiff's counsel represent clients on a contingency basis, they reconstructed their hours, as is permitted within the Tenth Circuit.  (ECF Nos. 22-6 & 28-3; *see also Ramos v. Lamm*, 713 F.2d 546, 553 n.2 (10th Cir. 1983).)

In support of the requested fee rate of $300 per hour, Plaintiff submits a survey listing typical hourly rates for attorneys in Colorado.  (ECF No. 22-3.)  The survey states that fee rates for attorneys in the labor and employment sector typically range from $233 to $356 per hour.  (*Id.* at 3.)  Both Ms. Williams and Mr. Dougan are partners at their firm, and each have 13 years' experience practicing in civil litigation.  (ECF No. 22-1 ¶ 2; ECF No. 22-2 ¶ 2.)

The requested fee rate of $300 per hour is well within the average fee rates in the practice area of labor and employment in Colorado.  (ECF No. 22-3; *see also Hayes v. Skywest Airlines*, 2018 WL 10884337, at *2–3, (D. Colo. July 2, 2018) (awarding attorney fee rate of $450 in ADA action).)  Moreover, as stated, Plaintiff's attorneys are partners at their firm and have been practicing law for over a decade.  (ECF No. 22-1 ¶ 2; ECF No. 22-2 ¶ 2.)  The Court therefore finds the $300 fee rate reasonable.

In support of the reasonableness of the hours expended on this matter, Plaintiff's counsel attach tables of their reconstructed hours detailing the time expended on this matter, including drafting of filings, conducting research, conferring with Plaintiff, and preparing their supplemental documentation following the hearing.  (ECF No. 22-6 at 2–4; ECF No. 28-3 at 2.)  They further state that they exercised billing judgment by

excluding tasks such as arranging for service of process, mailing materials, and formatting exhibits from their request for fees.  (ECF No. 22 at 8; ECF No. 22-2 ¶ 9.)

As Plaintiff's counsel accounted for their time spent on each task and exercised billing judgment by opting not to bill for administrative tasks, the Court finds that the total amount of hours expended on this matter was reasonable.  Accordingly, the Court awards Plaintiff attorneys' fees in the amount of $15,690.

In addition to attorneys' fees, Plaintiff seeks an award of costs in the amount of $1,853.77.  (ECF No. 22-5 at 2; ECF No. 28-4.)  This figure represents costs incurred as filing fees, service of process, medical record retrieval, and hiring of the economics consultant.  (ECF No. 22-5 at 2; ECF No. 28-4.)  As the prevailing party in this action, Plaintiff is entitled to an award of costs.  Fed. R. Civ. P. 54(d).  The Court therefore awards her $1,853.77 in costs.

### IV. CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1.    Plaintiff's Motion for Default Judgment (ECF No. 20) is GRANTED;

2.    Plaintiff's Motion for Attorneys' Fees (ECF No. 27) is GRANTED;

3.    The Clerk shall enter DEFAULT JUDGMENT in favor of Plaintiff Joan Griego and against Defendant Arizona Partsmaster, Inc. in the amount of $364,473.88, with post-judgment interest at the rate set by 28 U.S.C. § 1961;

4.    Plaintiff is AWARDED attorneys' fees in the amount of $15,690 and non-taxable costs in the amount of $1,853.77, for a total of $17,543.77; and

5.    The Clerk shall terminate this case.

Dated this 20th day of April, 2021.

BY THE COURT:

_____

William J. Martínez
United States District Judge